UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                           NOs.: 21-CR-73 (DWF)
                                                    19-CR-20029 (C.D. Illinois)
                            Plaintiff,

                                                    **POSITION OF WESLEY JOHSNON**
v.                                                  **WITH RESPECT TO SENTENCING**

WESLEY D. JOHNSON,

                            Defendant.

---

Defendant, Wesley D. Johnson, by and through his attorney, submits this position pleading in support of a sentence that reflects the role he played in the commission of these serious crimes.  The crimes committed at the behest of Hari are cowardly displays that have no place in the United States.  Mr. Johnson recognizes that cowardliness and he feels nothing but intense shame and remorse for his actions.  He has done what he can to atone and counter his behavior.  As the Government notes in its position pleading, Mr. Johnson has cooperated against Hari.  Mr. Johnson knows it does not wipe his slate clean, but it was a necessary start on his path to redemption.

Mr. Johnson adopts the Presentence Report (PSR).  He seeks a one level criminal history category departure. He also submits that his cooperation and the 3553(a) factors support a variance below the guideline sentence.

I.      **THE SENTENCING GUIDELINE CALCULATIONS.**

      **A.  Mr. Johnson moves this Court for a downward departure pursuant to § 4A1.3(b)(3)(A).**

Between the ages of 24 and 27—over a decade ago—Mr. Johnson was a methamphetamine user and a heavy drinker.  He committed a series of crimes, starting in 2007, with the possession of 15 grams of methamphetamine precursor.  (ECF #22 at ¶ 104).  During that same time he stole from his grandmother by forging her name on checks totaling $489.56.  (ECF #22 at ¶ 105).  He went to prison for these crimes. When he got out he fell back into the grip of his addiction and robbed an individual to support his drug habit.  (ECF #22 at ¶ 107).  He again went to prison.  This time, however, when he got out in 2013, he stayed on the right side of the law until he met Hari in 2017.  The charges that are the basis of Mr. Johnson's convictions make him a career offender and give him a criminal history category of VI.  (ECF #22 at ¶ 109).  Without the career offender enhancement his criminal history category would be IV.  (ECF #22 at ¶ 109).

The guidelines recognize "that the criminal history score is unlikely to take into account all the variations in the seriousness of criminal history that may occur."  U.S.S.G. § 4A1.3 Application Notes.  Mr. Johnson's criminal history is such a case.  The underlying facts of his convictions are not the most serious envisaged by the criminal charges he took responsibility for.  His convictions are concentrated during a three year period when Mr. Johnson was struggling with addiction.  Setting aside the career offender enhancement his actual criminal history would accurately reflect his criminal

history.  At a level IV criminal history his sentencing guideline range would be 121-151. Because of the career offender enhancement, for sentencing guideline calculation purposes, this Court may only reduce his criminal history category by one level to V. Mr. Johnson asks this Court to do that, and to find his criminal history category is V, resulting in an advisory sentencing guideline range of 140-175.

## II.   The 18 U.S.C. § 3553 Factors In This Case Warrant A Downward Sentence Variance.

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, <u>Gall v. United States</u>, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Mr. Johnson submits the following factors warrant a downward sentence variance.

Mr. Johnson has been in custody since April 9, 2019.  When he appears before this Court on April 15, 2022, he will have served three years.  During his time in county jail he has lived through two years of Covid-19 lockdowns.  He has caught Covid-19 and recovered.  He has been outside only a handful of times.  His lifeline to the world has been and is his wife.  They love each other dearly.  He learns through her of the ups and downs of his family.  The failing health and passing of those he loves.  He lives with shame that he cannot provide the emotional, physical, and financial support his family deserves.  When he thinks about the role he played in supporting Hari he cannot reconcile the person he believes himself to be with the person that aided Hari.  As he tries to understand the why, he confronts his alcoholism.  But he knows his drinking cannot excuse his actions.  His drinking was a failed attempt to medicate a missing part of his

life.  Mr. Johnson knows the hole that is in his life has not been filled, but he has learned one important thing, alcohol and drugs will not fill it.

The PSR details a horrific childhood.  As a child he was abandoned by his parents. Emotionally and physically abused.  He has clearly spent his life looking for a way to fit in.  Attempting to find approval.  Hari offered that approval, that place to fit in.  Sober these past three years Mr. Johnson is ashamed he fell for it.  Ashamed he let the person he knows he can be commit such shocking crimes.  Nevertheless, Mr. Johnson does not point to his childhood and ask this Court to give him a pass.  It is something I respect about him.

In January of 2020, I was appointed to represent Mr. Johnson.  He is respectful. He is remorseful.  He is a nice person.  He does not use his childhood as an excuse.  It is just his life.  He laughs.  He talks to me about his family.  He frets over the daily life challenges his wife faces alone; the leak in the basement, the car troubles, his ailing family.  He is thankful things did not turn out worse during his involvement with Hari. He is ashamed he did not have the courage to stand up to Hari and separate himself sooner.  He is also proud of the good things he has done in his life.  The help he gave during the floods in Danville, Illinois in 2018.  Meeting his wife and somehow hanging on to her after committing these crimes.  He tells me that for the rest of his life he must work hard never to let his wife, his family, and himself down again.  His road to redemption is to pay the debt this Court imposes.  Obey the law.  Not drink. Work.  Be there for those who have been there for him.

Mr. Johnson has started that process.  His cooperation was the beginning.  He is sincere in his attempt to make amends, a sincerity I believe the Government recognizes. The Government, of course, is in the best place to inform the Court of Mr. Johnson's cooperation.  While Mr. Johnson hopes the Court will take his cooperation into account when formulating his sentence, Mr. Johnson did not merely cooperate for the opportunity to receive a sentencing reduction.  He started his cooperation before charges were filed and without the aid of a lawyer, because for him it was the right thing to do.  It was a necessary thing to do to make amends for his conduct.

There is no denying Mr. Johnson played a role in Hari's crimes and as a result made Hari's crimes his own.  There is also no denying his role was limited.  I do not ask this Court to dismiss his crimes, but to recognize his true involvement when calculating punishment.  Mr. Johnson has done everything he can to make amends for his crimes.  He has cooperated.  He has plead guilty.  He has waited while Hari's cases worked through the court system.  Soon he will stand before the Court and know his own fate.  I know he will accept whatever this Court decides without complaint.

During his long wait I have spent more time with Mr. Johnson than many of my clients.  Checking in during Covid.  Hearing from his wife.  He has let me into his family. I have returned to the bond between him and his wife many times in this position pleading because it is special.  Their bond has burrowed into me.  So, I look forward to the day when he returns home.  I imagine that first time he and his wife sit together knowing they will not be separated again.  And as Mr. Johnson makes good on his redemption story, I hope to hear from Wesley.  I hope to hear about his job, his family,

and laugh with him as he tells me stories about the good happiness of his new life.  A life

Wesley is ready to start.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: March 27, 2022.                          s/ Aaron J. Morrison
                                                Aaron J. Morrison, ID #341241
                                                331 Second Ave S, Suite 705
                                                Minneapolis, MN 55401
                                                Phone:  (612) 341-2525
                                                Facsimile:  (612) 341-0115